UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MORRIS W., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:19-CV-320-JVB |

## OPINION AND ORDER

Plaintiff Morris W. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and social security income and asks the Court to award benefits or, in the alternative, remand for further proceedings. For the reasons given below, the Court remands this case for further proceedings.

## ANALYSIS

Plaintiff makes three arguments for reversing the decision of the Commissioner of Social Security. Two of the arguments contest the substance of the ALJ's decision. The third argument is that the ALJ was not properly appointed, thus violating the Appointments Clause of the United States Constitution. Because the Court finds the constitutional issue to be dispositive, the Court addresses that argument only.

In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Court held that the SEC's ALJs were "Officers of the United States" within the meaning of the Appointments Clause and, consequently, that those ALJs must be appointed by the President, a court of law, or the head of a department. *Id.* at 2051; *see also* U.S. Const. art. II, § 2, cl. 2. Plaintiff argues that, like the SEC's ALJs, the ALJs of the Social Security Administration are officers that must be appointed pursuant to the

Appointments Clause. Because the ALJ that held the administrative hearing in Plaintiff's case was not appointed pursuant to that clause, Plaintiff asserts that remand is required.

The Commissioner argues only that Plaintiff did not timely raise his argument regarding the ALJ's appointment. That is, the Commissioner does not argue that Plaintiff's argument should fail on the merits; the Commissioner's argument is that the issue was not timely raised.

Many courts have considered the issue of the timeliness of an Appointments Clause challenge to a Social Security Administration ALJ, and the courts' conclusions are not uniform. It appears that the majority view is that a social security claimant must raise the Appointments Clause argument at the administrative level before raising the argument in court. *See Chamberlain v. Comm'r of Social Security*, No. 19-10412, 2020 WL 2300240, at *5 (E.D. Mich. May 8, 2020) ("This Court is one of the majority of courts that has found that a social security claimant forfeits an Appointment Clause challenge by failing to raise it in the administrative proceedings."); *Berns v. Saul*, No. C18-2068, 2020 WL 1330432, at *7 (N.D. Iowa Mar. 23, 2020) (collecting cases). However, the only decision to date on this issue from a circuit court concludes that the issue does not need to be raised at the administrative level. *See Cirko ex rel. Cirko v. Comm'r of Social Security*, 948 F.3d 148 (3d Cir. 2020). Courts in this district have agreed with *Cirko*. *See Duane H. v. Saul*, No. 3:19-cv-138-JVB-SLC, 2020 WL 1493487, at *3 (Mar. 27, 2020); *Hoot v. Saul*, No. 1:18-cv-296-RLM-SLC (N.D. Ind. Mar. 23, 2020) (slip op.).

As the Commissioner identifies, the *Lucia* Court held that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S.Ct. at 2055. Here, the timeliness question turns on whether issue exhaustion is required at the administrative level in social security cases.

The Court first looks to whether issue exhaustion is required by statute or regulation; then, if not so required, the Court determines the matter in its discretion. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." (citations omitted)). The Commissioner argues that issue exhaustion is supported by the regulations codified at 20 C.F.R. §§ 404.924, 404.933(a)(2), 404.939, 404.940, 404.946(b), 416.1433(a)(3), 416.1439, 416.1440, and 416.1424. However, the Supreme Court in *Sims v Apfel*, found that issue exhaustion was not required by any of the Social Security Administration's regulations, and the only amendments to the above regulations post-*Sims* do not touch on the question of issue exhaustion. 530 U.S. 103, 108 (2000); *Hoot*, No. 1:18-cv-296, at 4. Thus, this is a question for sound judicial discretion.

The Commissioner argues that *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952), and *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012), and several other cases (in which the Social Security Administration did not handle the matter administratively) stand for the proposition that arguments not made at the agency level are forfeited.

"The basis for a judicially imposed issue-exhaustion requirement is an analogy to the rule that appellate courts will not consider arguments not raised before trial courts." *Sims*, 530 U.S. at 108-09. Thus, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Id.* at 109. Thus, *Sims*, in which the Commissioner of the Social Security Administration was the defendant, is more instructive than *L.A. Tucker Truck Lines*, *Elgin*, or the Commissioner's other cited cases.[1]

---

[1] Though the holding of *Sims* is not directly on point, as the question ultimately decided there was that issue exhaustion was not required at the agency appellate level and here the question is whether the issue needed to be raised at the

3

Adversarial administrative proceedings provide the greatest rationale for requiring issue exhaustion at the administrative level. *Sims*, 530 U.S. at 110. However, in *Sims*, four justices noted that "Social Security proceedings are inquisitorial rather than adversarial," and the ALJ has the "duty to investigate the facts and develop the arguments." *Id.* at 110-11 (plurality opinion). Therefore, "the reasons for a court to require issue exhaustion are much weaker." *Id.* at 110 (majority opinion). Social Security administrative hearings before ALJs are considerably different than normal adversarial litigation, so this weak analogy provides little reason to require issue exhaustion.

The traditional purposes of requiring exhaustion at the administrative level are to protect the authority of the administrative agency and to promote judicial efficiency. *McCarthy*, 503 U.S. at 145. Protecting agency authority is based on the idea that, once Congress delegates authority to agencies, the "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.* Accordingly, this interest is strongest "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.*

In the case at bar, this interest is low. The issue—whether the Appointments Clause was violated—is not a matter of the Social Security Administration exercising its discretionary power or applying its special expertise. *See also Cirko*, 948 F.3d at 153 ("[E]xhaustion is generally inappropriate where a claim serves to vindicate structural constitutional claims like Appointments Clause challenges, which implicate both individual constitutional rights and the structural imperative of separation of powers." (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536-37 (1962)).

---

agency hearing level, the directive to look at the nature of the administrative proceeding at issue guides this Court's analysis.

Exhaustion promotes judicial efficiency by giving the agency the opportunity to correct its errors (thereby removing the need for an appeal) and by creating a record for use on appeal. *McCarty* 503 U.S. at 145. Here, however, it is unclear how the ALJ would have been able to act on Plaintiff's challenge to the ALJ's own authority to rule on Plaintiff's claims. It is similarly unlikely that the Appeals Council would have taken any action on Plaintiff's constitutional challenge. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976) ("It is unrealistic to expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context."). Additionally, this is not a matter in which a fuller record would help the Court's analysis.

The Commissioner argues that there is an additional efficiency interest in requiring issue exhaustion, as many claims are brought before the Social Security Administration, and "[r]emanding to the Agency thousands of previously decided claims . . . would further burden an already-stressed system and add even more months to the wait times for first-time claimants." (Resp. 20, ECF No. 15). The Commissioner provides no clarification on how he concluded that not requiring issue exhaustion on this constitutional challenge would lead to "thousands" of cases being remanded to the agency. Given the age of the *Lucia* decision and the sixty day deadline to appeal a social security final decision, the Court agrees with the Third Circuit that "the purported flood is actually a trickle" and whatever number of cases actually end up being remanded to the agency due to not requiring issue exhaustion are "a drop in the bucket relative to the thousands of claims that the SSA has voluntarily ordered (and thus apparently has the resources enabling) the Appeals Council to review." *Cirko*, 948 F.3d at 159.

In balancing Plaintiff's interest in judicial resolution of his Appointments Clause challenge against the agency's interest in issue exhaustion, *see McCarthy*, 503 U.S. at 146, the Court finds

Plaintiff's interest to win the day. The Social Security Administration has set up an inquisitorial administrative process, not an adjudicative one. This inquisitorial posture runs counter to requiring social security claimants to investigate and develop their own arguments, as that is the duty of the ALJ under this framework. *Sims*, 530 U.S. at 110-11 (plurality opinion). Accordingly, the system is set up in a way that did not give Plaintiff notice of the need to investigate such issues when his claims were working their way through the administrative process. The issue is not one that was delegated to the agency or one that is particularly within its expertise, and, despite the Commissioner's protestations to the contrary, not requiring issue exhaustion will not create a large burden by increasing the remand caseload. Issue exhaustion is not required.

Having resolved that question, the Court turns to the merits of Plaintiff's challenge. The administrative hearing in this case was held before an ALJ on April 20, 2018. On July 16, 2018, the Acting Commissioner ratified the appointment of all previously hired ALJs. *See* Social Security Emergency Message (EM) 18003 REV 2, § B, *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). Also, the Solicitor General stated that much of the reasoning of *Lucia* applies to ALJs who preside over non-adversarial proceedings, DOJ Memo Re:Guidance on Administrative Law Judges after Lucia v. SEC (S. Ct.), 3, *available at* https://static.reuters.com/resources/media/editorial/20180723/ALJ--SGMEMO.pdf. In light of (1) the above actions by the then-Acting Commissioner and the Solicitor General, (2) the holding of *Lucia*, (3) the Commissioner's lack of argument that his ALJ's are not officers, and (4) the ALJ's authority to conduct hearings, take testimony, receive and weigh evidence, and issue decisions, the Court concludes that Social Security ALJs are officers whose appointments are governed by the Appointments Clause. Because the ALJ who oversaw Plaintiff's hearing was not appointed pursuant to that clause (and even though the ALJ was so appointed

before the ALJ's decision was issued on August 14, 2018), remand is required, and the prescribed remedy is a new hearing before a different ALJ. *See Lucia*, 138 S.Ct. at 2055.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Complaint [DE 12], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings before a different ALJ. The Court **DENIES** the request for an award of benefits.

SO ORDERED on May 11, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT